UNITED STATES DISTRCTI COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DR. GLEN HURLSTON** | : | **DISTRICT JUDGE** |
| **VS.** | : | **MAGISTRATE JUDGE** |
| **CITY OF PRINCETON, ET AL** | : | **DOCKET NUMBER** |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, comes **DR. GLEN W. HURLSTON**, a resident of the full age of majority of Vernon Parish, Louisiana who files this Petition for Relief against the City of Princeton, Texas and various of its present and former police officials pursuant to the 5th and 14th Amendments to the United States Constitution and Title 46 USC 1983, for violations of his right to life and liberty and the equal protection of the laws, and whose Complaint further represents the following

1.

Made Defendants herein are the following:

A.   **Jeffery Barnett**, individually and in his capacity as police chief of Princeton, Texas and later Kyle, Texas, who at all times pertinent hereto acted under color of state law;

B.   **Lieutenant Robert Mitchnik**, individually and as a representative of the Princeton, Texas City Police Department who acted at all times pertinent hereto under color of state law

C.   Other un-named Police Officers in the City of Princeton, Texas.

D.     **City of Princeton, Texas**, a municipal organization authorized by the Texas State Legislature in its position as the supervising authority for the police officers named defendants herein; and

E.     **City of Kyle, Texas**, a municipality authorized by the Texas Legislature, which at all times pertinent hereto, employed **Jeffery Barnett** as Police Chief, allowing him to act under color of State Law to conspire with others and to deprive plaintiff of his rights to life liberty under the 5th and 14th amendments under the U.S. Constitution.

## THE PATTERN OF CONDUCT

2.

For several years, Plaintiff's wife Suzanne Hurlston, was having a romantic affair with Defendant, **Jeffery Barnett**. In the course of that relationship, she bore **Jeffery Barnett** a child, who at various times she fraudulently represented to be the son of **Dr. Glen Hurlston**, plaintiff herein.

3.

Chief **Barnett** used his position as Princeton Police Chief to instruct secondary officers, such as **Lieutenant Mitchnik** and other unnamed police officers of the Princeton Police Department, to conduct a campaign of harassment in his name of **Dr. Hurlston**.

4.

This campaign of harassment continued on January 1, 2012, when **Dr. Hurlston** was arrested by **Lieutenant Mitchnik** and other representatives of the Princeton Police Department

and was charged without substantial evidence with the crime of Domestic Abuse Battery, a felony crime.

5.

**Lieutenant Mitchnik** and other unnamed police officers had a personal relationship with Suzanne Hurlston, the complaining witness, at the time.  They also knew Mrs. Hurlston had been having a romantic affair with former Chief **Barnett**.  In any case, when they arrested **Dr. Hurlston**, they did so for the private benefit of Suzanne Hurlston based on their private relationship with her and based on information and belief on instructions from former Chief **Jeffery Barnett.**  This investigation was performed in such a slipshod and careless manner as to shock the conscience of any reasonable persona and amounted to a violation of **Dr. Hurlston's** rights to life and, liberty under the 5th and 14th amendment to the U.S. Constitution and other pertinent of Texas Law.

6

The charge of domestic abuse battery was ultimately reduced by the Collin County District Attorney's office to a minor misdemeanor, which **Dr Hurlston** plead no contest.

7.

**Dr. Hurlston** would not have suffered the humiliation, pain and suffering of this arrest but for the personal relationship between Princeton officers, Suzanne Hurlston and former Chief **Barnett**. The scene of the incident did not reveal any substantial evidence of **Dr Hurlston's** guilt, and these officers chose to believe the version put forth by Suzanne, simply because of their relationship to her.

8.

The harassment of **Dr. Hurlston** continued for the following year. He was at one point threatened by City Police officials of the **City of Princeton** with further arrests for telephone and/or texting harassment of Mrs. Hurlston and her new adulterous boyfriend, Gabriel Brow.

9.

Since the events of January 1, 2012, Suzanne Hurlston has waxed hot and cold with her husband **Dr. Hurlston**, basically going along with him as long as he provided money for her support, which included paying for a photography course in Paris, France

10.

Throughout these proceedings, **Dr. Hurlston** received numerous threats from the Princeton County Police Department saying he would be arrested if he "showed his face" in Collin County, making it difficult for him to exercise his rights of visitation.

11.

**Dr. Hurlston** was completely innocent of any wrongdoing during this period of harassment.

## ADDITIONAL DEFENDANTS

12.

The additional defendants, **City of Princeton, Texas** and the **City of Kyle, Texas**, are liable to **Plaintiff**, because at various times pertinent hereto, they clothed **Jeffery Barnett** with sufficient state authority to allow him to use his public office for private purposes, namely

harassing and threatening to arrest **Plaintiff** without cause. As **Barnett's** employers, the **City of Princeton** and the **City of Kyle** are responsible for his actions under 46 USC 1983 and pursuant to the principal of *respondat superior.*

## CIVIL RIGHTS CAUSE OF ACTION

13.

The conduct of the police officials named defendants in this case was for their private benefit, namely their relationship with Suzanne Hurlston, and in no way subject to Texas Law regarding sovereign immunity. In the alternative, these officers, clothed with the power of State Law by their employers, acted at all times pertinent hereto, in vindication of a private right under color or state law, which renders them liable along with the state officers for such conduct. Additionally, the employers of these police officers, namely the City of Princeton, Texas and the City of Kyle, Texas are responsible for their conduct; improper screening for employment; improper employment practices; improper supervision; and any other negligent or other conduct which contributed to the violation **Dr Hurlston's** rights. These violations, taken as a whole, shock the conscience of any reasonable person and amount to a violation of **Dr Hurlston's** civil rights.

14.

The actions of the police officers and municipality in this case, taken as a whole, operated to deprive plaintiff of the equal protection of the laws.

## DAMAGES

15.

As a result of the unlawful police actions specified hereinabove, Plaintiff has undergone significant and severe emotional distress; physical pain and suffering; emotional pain and distress; loss of income; and other damages to be proved at trial. In addition to such damages as may be recovered under Texas Law, the violation of **Dr. Hurlston's** rights gives him a cause of action for damages, punitive damages, and attorney fees, under 46 USC 1983.

16.

Plaintiff is also entitled to an award of attorney's fees in an amount to be fixed by this Honorable Court.

**WHEREFORE PLAINTIFF PRAYS**:

1. This complaint be cited, served, and processed on the defendants and they should be required to answer same;

2. After all legal delays and legal proceedings have been had, that there be judgment in favor of Plaintiff and against Defendants, jointly, severely, and *in solido*, in an amount sufficient to do substantial justice and within the discretion of this Honorable Court; and

3. Plaintiff be awarded attorney's fees for the prosecution of this action.

By Attorney,

**LAW OFFICES OF JAMES B. DOYLE**

By: /s/ *James B. Doyle*
**JAMES B. DOYLE**  TBA(#06092500)
501 Broad Street
Lake Charles, LA 70601
(337) 433-5999